

**U.S. Department of Justice**
*United States Attorney*
*District of Maryland*
*Northern Division*

---

*Rod J. Rosenstein*  
*United States Attorney*

*James G. Warwick*  
*Assistant United States Attorney*

*36 South Charles Street*  
*Fourth Floor*  
*Baltimore, Maryland 21201*

DIRECT: 410-209-4860  
MAIN: 410-209-4800  
FAX: 410-962-0716  
TTY/TDD: 410-962-4462  
James.Warwick@usdoj.gov

March 12, 2014

The Honorable William D. Quarles, Jr.
United States District Judge
United States Courthouse
101 West Lombard Street
Baltimore, MD 21201

              Re: *United States v. Garnett Gilbert Smith*
                  *Criminal No. WDQ-12-0479*

Dear Judge Quarles:

      Please accept this letter as the government's response to the defendant's Motion to Stay Forfeiture. As the Court is aware, Mr. Smith was sentenced on January 30, 2014, and the Judgment was entered on January 31, 2014. Mr. Smith filed a Notice of Appeal with the clerk of the district court on January 31, 2014. It is well settled that an appeal of right is initiated by filing a notice of appeal with the clerk of the district court. Fed. R. App. P. 3(a). As a general rule, the timely filing of this notice is an event of jurisdictional significance. It immediately confers jurisdiction in the Court of Appeals while divesting a district court of its control over those aspects of the case involved in the appeal. *See United States v. Christy*, 3 F.3d 765, 768 (4th Cir. 1993).

      The Motion to Stay Forfeiture was filed pro se by Mr. Smith on February 4, 2014, after the district court was divested of jurisdiction. Thus, this Court cannot entertain the motion and, under F.R Crim. P. Rule 37, must defer consideration of the motion; deny the motion; or affirmatively state that it would grant the motion if the court of appeals would remand for that purpose or that the motion raises a substantial issue. The forfeiture herein was agreed by Mr. Smith and the government in the plea letter. A Preliminary Order of Forfeiture was entered on November 26, 2013, and a Final Order of Forfeiture was entered on January 30, 2014. Both Orders were issued consistent with the 'consent to forfeiture' provisions of the plea agreement (Paragraphs 9-12).

On the merits, and assuming, *arguendo*, that this Court has retained jurisdiction to entertain the request for relief, the Motion to Stay Forfeiture should be denied as the divestiture of the property was part of the plea agreement. The Court allocated Mr. Smith on the provisions at the time of the guilty plea, and confirmed with him at sentencing that he did not desire to withdraw his plea but instead wished to proceed to sentencing with the agreement he signed.

Should this Court require any further information, please do not hesitate to contact me. I remain

                Very truly yours,

                /s/
                James G. Warwick
                Assistant United States Attorney

cc: Garnett Smith